IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

 Vs.          No.  03-40054-02-SAC

CYNTHIA MAZE MOTEN,

     Defendant.

MEMORANDUM AND ORDER

   This case comes before the court on the following motions filed by the government: motion to reopen presentence investigation and revoke release (Dk. 84); motion for determination of breach of plea agreement (Dk. 85); and motion for sentencing date (Dk. 98).  Defendant has timely responded to the first two motions. Dk. 92, 93.

**Procedural history**

   The government moved twice previously to find that defendant has breached the plea agreement.  First, the government contended that when defendant responded to the PSR by, in part, seeking a four-level decrease for being a minimal participant, she breached her plea agreement not to seek "downward adjustments." Dk. 59.  Defendant later withdrew her objections to the presentence report, and the

court found that motion to be moot.

Thereafter, the government filed a renewed motion for determination regarding defendant's breach of plea agreement. Dk. 70. The government alleged that defendant should be denied acceptance of responsibility for having given conflicting statements about her involvement, and for having contested relevant conduct which she had previously admitted in the written plea agreement. The government additionally contended a breach based on defendant's request that the court sentence her to a probation term or house arrest, which the government construed as a request for a "downward adjustment."

This court denied that motion, preserving defendant's entitlement to an acceptance of responsibility adjustment despite the government's opposition. The court found that defendant's sentencing memorandum was not filed for the purpose of contradicting the stipulated facts appearing in the plea agreement, but instead to achieve the narrow purposes of: 1) showing the limited nature of defendant's personal involvement in many of the unlawful activities carried out by the conspiracy for which the sentencing enhancements were recommended; and 2) providing the court with a fuller understanding of the facts and circumstances advanced by the government in support of the guideline enhancements, as permitted by *Booker* and its progeny. The court further found that defendant's

agreement not to seek downward adjustments, (Dk. 43, p. 7), was not violated by her request for the court to sentence her to a probation term or house arrest. (Dk. 69, p.4).  *See* Dk. 81, p. 11.

**Pending motions**

Approximately ten days after the court's ruling summarized above, the government filed the present motions.  The first asks the court to reopen the presentence investigation and revoke release, alleging that defendant committed perjury either during her plea colloquy in May of 2004 or during her testimony to the court at an April 7, 2005 hearing, and obstructed justice by coercing her co-defendant into writing a false letter in support of this defendant, *see* Dk. 69, attachment.  Dk. 84.  The government would like the probation office to determine whether defendant is entitled to a reduction for acceptance of responsibility and if defendant should receive an enhancement for obstruction of justice.  The government further contends that since defendant has committed the crimes of inconsistent declarations perjury and witness tampering, her release should be revoked.  *See* 18 U.S.C.§ 3142(b).  Dk. 84, p. 3.  The government adds that defendant is in contempt of court and requests the institution of contempt proceedings.  *See* 18 U.S.C. § 401.

The court finds it unnecessary to reopen the presentence investigation

in this case.  The court and the parties are already familiar with the events which have occurred and which form the basis for the government's plea to reopen because they occurred in or were the subject of prior hearings involving these parties before this court.  Reopening the presentence investigation would cause additional delay without commensurate benefit to the court or the parties.

The court nonetheless finds it expedient to address the government's substantive assertions that defendant has committed perjury and obstruction of justice.  The government further notes its intent to withdraw its recommendation for an acceptance of responsibility reduction and to move for an obstruction enhancement at the time of sentencing.  For the reasons which follow, these proposed acts or potential objections by the government are not well taken.

**Perjury**

The government notes its intent to ask the court to impose a section 3C1.1enhancement predicated upon perjury.  The government contends that defendant's plea colloquy and her testimony at a subsequent hearing are irreconcilably contradictory.  At the government's request, the court held an evidentiary hearing on April 7, 2005.

> The district court must enhance a defendant's base offense level by two levels if it finds that:
> [T]he defendant willfully obstructed or impeded, or attempted to obstruct or

> impede the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and ⋯ the obstructive conduct related to ⋯ the defendant's offense of conviction and any relevant conduct; ⋯U.S.S.G. § 3C1.1(A)-(B).  A section 3C1.1enhancement predicated upon perjury is appropriate when the sentencing court finds that the defendant has given " '[i] false testimony [ii] on a material matter [iii] with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.' " *See United States v. Mounkes*, 204 F.3d 1024, 1029 (10th Cir.) (quoting *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S. Ct. 1111, 122 L. Ed. 2d 445 (1993)), *cert. denied*, 530 U.S. 1230, 120 S. Ct. 2661 (2000). " 'Material' evidence ⋯, as used in ⋯ section [3C1.1], means evidence ⋯ that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n.6).

*United States v. Sarracino*, 340 F.3d 1148, 1172 (10th Cir. 2003).  The factual predicates of perjury are thus falsity, materiality, and willful intent.  *United States v. Massey*, 48 F.3d 1560, 1573 (10th Cir.), *cert. denied*, 515 U.S. 1167 (1995). This court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition set out by the Tenth Circuit. *Sarracino*, 340 F.3d at1173.

This court heard the testimony which the government asserts constitutes perjury.  The court has additionally reviewed the transcript from the April 7, 2005 hearing, and finds the following colloquies therein to be controlling on this issue:

>   (Questions by prosecutor)
>   Q. And during any of our meetings did you feel threatened?
>   A. I always feel threatened with I meet with you.
>   Q. And that's because I was the one that was going to charge you and then did charge you with a crime, correct?
>   A. It's partly that, but partly just the way you present yourself.

April 7, 2005 trans. p. 9.

>   ...
>   Q. Do you remember the judge asking you " Has anyone made any other or different promises to you than are set forth in the plea agreement to offer those please of guilty to the counts," and your answering, "No." Do you remember that?
>   A. Yes, I remember that.
>   Q. Was that true?
>   A. No, because you – of what you said to me in the hallway, no.
>   Q. So you committed perjury and lied to Judge Crow?
>   A. I did what I thought I was supposed to do. My counsel did not – I asked my counsel if I could speak to the Judge. He said I could not. Because I was very confused. I was not represented very well.
>   ... You told me I accept the whole thing or there was nothing and that you
>   would re-indict me and made me go to prison for ten years.

*Id.*, p. 9-10.

>   ...
>   Q. Are you telling this court that what you said during the plea colloquy was in violation of your oath to tell the truth?
>   A. Yes.

*Id.*, p. 12.

(Questions by defendant's counsel):
>   Q. Do you understand the question you were just asked?
>   A. I really don't understand anything because when I was out in the hallway, I stated over and over the truth doesn't matter in any of this, the truth has no bearing on anything.
>   Q. Why not?
>   A. I don't know. You know, I have a hard time understanding that. Because, you know, the government is very – I don't understand. Because I attempted to tell what was going on, but there only seems to be one side that is able to be told. And that isn't right. You know, I was out in the lobby and [the prosecutor] approached me and said, "You either take the whole thing or not."

    Q.  Did you lie to J. Crow that day?
    A.  Well, in saying that that was the whole truth, I guess I did.  But I did that because I thought that's what I was supposed to do. ...
    ...
    Q.  Did you [lie to J. Crow] intentionally?
    A.  No.
    Q.  Why did you do that?
    A.  Because I thought that was what I'm supposed to do.  In order for me to continue with my plea and have my children not go to school every day bawling, I did that.
*Id*., p.14.
    Q.  Did you do that because – in part because of the threat by Ms. Treadway?
    A.  Yes.
*Id*., p. 15.

       The testimony above convinces the court that any misstatement made by defendant during her plea colloquy was a result of her confusion, the procedural irregularity of taking a recess mid-plea for defendant to confer with her counsel, the prosecutor's demeanor and statements made during the recess which defendant perceived as a threat, and defendant's desire to tell the whole truth.  No willful intent to provide false testimony to the court can be shown.

       Defendant did state that she lied to the court during the plea colloquy in agreeing that no other promises had been made to her, when she believed the government had in fact made other promises to her.  By that statement, defendant referred to her mid-plea conversation with the prosecutor in which defendant felt threatened.  But the court does not understand the prosecutor to contend that the

prosecutor did, in fact, make promises or threaten the defendant or coerce her into the plea, nor does the record support such a claim. Thus defendant's statement, even if false, is not material.

Defendant additionally admitted on April 7 that she lied at the time of her plea when she agreed that the factual basis for the plea was the whole truth. However, defendant confirmed on April 7 that she is guilty of obstruction of justice, the charge to which she pled, and also confirmed that the factual basis for her plea is true. Defendant's position is that she believes additional facts should be included. *Id*., p. 5. To the extent the government may contend that defendant's statements at the April 7 hearing attempt to minimize her role in the offense or contradict her earlier admissions made at the plea hearing, the court views defendant's statements in the same vein as it did the "conflicting statements" previously allegedly by the government, and refers the parties to the court's earlier ruling on that issue. *See* Dk. 81.

The government does not specify which statements by defendant it believes are perjurious. Instead, the government asserts that defendant made irreconcilably contradictory declarations at her plea hearing and the April 7 hearing. But a comparison of defendant's statements made at the plea hearing to those she made at the April 7 hearing fails to show irreconcilably contradictory declarations

material to the point in question. The court finds that defendant's statements are not inconsistent to the degree that one of them is necessarily false, as is required for the perjury alleged by the government. *See* Dk. 84, p. 3; 18 U.S.C. § 1623.

Having assessed defendant's testimony at both relevant hearings, having carefully reviewed the transcripts, and being aware of the demeanor of the defendant and the prosecutor, the court finds no willful intent by defendant to provide false testimony on a material matter. The factual predicates of perjury are thus not present in this case. For these reasons, the court declines to impose a two-point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 based on the alleged perjury.

**Letter**

The government additionally alleges defendant has engaged in witness tampering in violation of 18 U.S.C.§ 1512(b) and (c) by coercing co-defendant Meier's into writing a false letter which defendant subsequently submitted to the court. Subsection (b) makes it a crime for a person to knowingly use intimidation, threats, or corrupt persuasion of another person, or engage in misleading conduct toward another person, with intent to influence the testimony of any person in an official proceeding. Subsection (c) makes it a crime for a person to corruptly alter,

destroy, mutilate, or conceal a record, document, or other object with the intent to impair the object's integrity or availability for use in an official proceeding; or otherwise corruptly obstruct, influence, or impede any official proceeding.

At the government's request, the court held an evidentiary hearing on this issue on May 4, 2005. At that time, co-defendant Molly Meier, who had been "best friends forever" with the defendant, *see* May 4, 2005 trans p. 16, stated that she had written a letter at defendant's request on behalf of defendant. Meier testified that when defendant called to ask whether Meier would testify of her own free will to the contents of the letter, Meier declined because she couldn't say that the letter was the truth. May 4, 2005 trans. p. 21. However, Meier admitted that at least parts of the letter are true by confirming her belief, as stated in the letter, that defendant did not deserve three years in prison and that defendant was a good person and a good mother. *Id.*, p. 18.

Meier testified that she felt defendant had coerced her into writing the letter. *Id.* p. 22. But Meier also volunteered that she had thought about writing defendant a letter even before defendant asked her to do so, and that "from the beginning" she wanted to write defendant a letter. *Id.*, p. 17-18. She stated that the letter was written as one way to achieve forgiveness, as contemplated in weekly meetings with Meier, defendant, and their mutual priest, for the purpose of

discussing how to forgive, how to start trusting again, and how to move on. *Id*. p. 14. Meier testified that it was never her intent to say defendant was not equally responsible, or to contradict statements in defendant's or her own plea agreements. *Id.*, p. 19. She further admitted that when Meier told defendant that she would not testify of her own free will to the contents of the letter, since she couldn't say that it was the truth, defendant responded that she would tell her attorney not to send the letter to court.[1]

The government has not specified which statement(s) in the letter it believes are false. Based upon the record and the government's general theory, the court believes they are the following: "[Defendant] did not have any knowledge of the transportation logs, how they were or were not kept, or how they were to be filled out. ... She was not responsible for that part of the business, I was." Meier testified that defendant had some knowledge of those logs because defendant filled in for her when she was absent or on vacation. *Id*., p. 25-28.

The court notes that defendant offered contradictory testimony, stating that the letter was true. *See* April 7, 2005 trans. p. 14 ("Q. Your good friend wrote a letter that was the truth, did she not? A. Yes, she did. Q. And that's – what's her name? A. Molly Meier.") The court credits the testimony of this

---

[1]The letter has since been sent to and reviewed by the court.

defendant, and finds that the letter was not materially false.

Assuming, arguendo, the falsity of the "responsibility" statements in the letter, the court finds that the terms of the witness tampering statute are not met. Nothing in the record supports an assertion that defendant knowingly used intimidation, threats or corrupt persuasion or misled Meier with the intent to influence Meier's testimony, as is required under subsection (b), or attempted to corruptly obstruct, influence, or impede any official proceeding, as is required under subsection (c). Instead, the evidence shows that co-defendant Meier desired to write a letter on behalf of defendant even before defendant asked her to do so, and that the letter was intended as a means to achieving forgiveness between the parties rather than for the purpose of attempting to impede justice. The factual predicates of witness tampering are not supported by the record. Accordingly, the court declines to impose a two-point enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 based on the alleged witness tampering.

**Acceptance of responsibility**

The government notes its intent to withdraw its recommendation for an acceptance of responsibility reduction.

The court recognizes that if a defendant engages in conduct that could justify an enhancement under U.S.S.G. § 3C1.1 for obstruction of justice, that

"ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, cmt. n. 4.  Specifically, false testimony that results in an enhancement for obstruction of justice generally is inconsistent with an adjustment for acceptance of responsibility. *Sarracino*, 340 F.3d at 1173-1174.  Based upon the court's finding that the defendant has neither perjured herself nor engaged in witness tampering, and that no basis for an 3C1.1 enhancement is warranted, the court finds no reason to deny defendant the acceptance of responsibility reduction to which she is otherwise entitled.

**Revocation of release/contempt**

The government additionally requests that the court revoke defendant's release and commence contempt proceedings against her, due to her perjury and witness tampering.  In light of the rulings above, the court finds it unnecessary to revoke defendant's release pending sentencing or to institute a contempt proceeding against defendant.

**Motion for determination of breach of plea agreement**

The second pending motion is styled as a motion for determination of breach of plea agreement, for permission to withdraw from plea agreement, and to set aside plea. Dk. 85.  It asks the court for the following: 1) an advisory ruling whether the government would breach the plea agreement by withdrawing its

13

recommendation for acceptance of responsibility and moving for an obstruction enhancement at the time of sentencing; 2) permission for the government to withdraw from the plea agreement if the above acts would constitute a breach; and 3) to set aside defendant's plea and begin the plea colloquy anew.

As to the first request, the court declines to issue the advisory opinion sought by the government. Given the court's rulings in this memorandum on the sentencing issues, it is unlikely that the government will follow its previously stated course of action.[2] Because of the case and controversy provisions of Article III, section 2 of the Constitution, it is not the court's judicial function to render advisory decisions. *Public Service Co. of Colorado v. U.S.E.P.A.*, 225 F.3d 1144, 1148, n. 4 (10th Cir. 2000).

The government's second request, *i.e.*, for permission to withdraw from the plea agreement if the court determines the government's proposed acts would be a breach, is expressly conditioned upon the court's affirmative answer to the advisory question. Because the court declines to render an advisory opinion on the underlying issue, the court need not address this request.

The government's final request, *i.e.*, to set aside defendant's plea and

---

[2]The court anticipates that at the sentencing hearing, the parties will be permitted to make a record, but will not be permitted to reargue matters which the court has previously decided.

begin the plea colloquy anew, is inconsistent with the government's most recent motion, which asks the court to sentence without further delay. Further, the court has previously addressed not only the facts which give rise to this request, but also the government's general contention that defendant has given conflicting statements regarding her involvement. *See* Dk. 81 and this order. This request tacitly asks the court to reconsider its previous ruling, but fails to meet the standards for such motions. Most importantly, the record does not support the contention that defendant's plea was not entered into knowingly and voluntarily. Accordingly, this motion is denied in all respects.

**Motion for sentencing date**

The government's motion for a sentencing date is moot, such date having previously been set for January 19, 2006.

IT IS THEREFORE ORDERED that the government's motion to reopen presentence investigation and revoke release (Dk. 84) is denied; that the government's motion for determination of breach of plea agreement (Dk. 85) is denied; and that the government's motion for sentencing date (Dk. 98) is denied as moot.

Dated this 13th day of December, 2005, Topeka, Kansas.

                                  s/ Sam A. Crow
                                  Sam A. Crow, U.S. District Senior Judge