IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                             No.  03-40054-02-SAC

CYNTHIA MAZE MOTEN,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motions to proceed on appeal in forma pauperis and for stay of sentencing pending appeal.  In response, the government opposes both motions and moves for sanctions against defendant's attorney for having filed these motions and her notice of appeal.  In the alternative, the government asks the court to strike defendant's motions and her notice of appeal

**Defendant's motion for IFP**

To obtain authorization to proceed in an action in forma pauperis, defendant must meet the requirements of 28 U.S.C. § 1915. First, she must submit an affidavit that includes a statement of all assets she possesses and shows that she is unable to pay or give security for the required fees. The affidavit shall state the

nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a)(1).

Additionally, an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). Thus defendant's motion can be granted only in the event she shows both "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Counsel stated that defendant's financial affidavit would be hand delivered to the court on March 1, 2006. Dk. 110, p. 2. The court did not receive the affidavit until March 6, 2006. The court has since reviewed it and finds that the affidavit is insufficient to show that defendant is unable to pay or give security for the required fees. But even if defendant had demonstrated financial inability, the court nonetheless finds for the reasons which follow that defendant's motion to proceed in forma pauperis must be denied.

Defendant's motion fails to show the existence of a reasoned, nonfrivolous argument on the law or facts in support of the issues raised on appeal. No basis for appeal is stated in the IFP motion. The sole basis stated to date is

2

included in defendant's motion for stay, which states:

> Given the difference in culpability evidenced during the sentencing phase between the Co-Defendants'(sic) in this case and recent Supreme Court decisions, the Court could likely order reconsideration of sentence.

Dk. 111, p. 1.  This language fails to convey a clear understanding of what issue defendant intends to raise on appeal.  The court finds that it fails to state a reasoned, nonfrivolous argument on the law or facts in support of an issue on appeal.  A conclusory allusion to a difference in culpability between co-defendants, coupled with a reference to "recent Supreme Court decisions," fails to meet the requisite standard.  This alone warrants denial of defendant's motion.

The court also notes that it is unlikely that the Tenth Circuit will be able to offer her relief.  By her plea agreement, defendant expressly waived the right to directly appeal her sentence except if the court sentenced her to a term of imprisonment above the applicable guidelines range, or if the United States filed an appeal.  *See* Dk. 43.  Neither of these circumstances has occurred.

To avoid summary dismissal of her appeal by the Tenth Circuit, defendant will thus have the heavy burden to show why that court should not enforce the plea agreement.  *United States v. Rubio*, 231 F.3d 709, 711 (10th Cir.2000); *United States v. Scroger*, 73 Fed. Appx. 344, 345 (10th Cir. 2003).  This court has previously and repeatedly found that defendant's guilty plea was

knowing and voluntary, and defendant has repeatedly assured the court that she does not wish to set aside her plea.  The court has previously reviewed and found no error in its acceptance of the plea or in the terms of the plea agreement. Defendant makes no attempt to show cause and prejudice, a fundamental miscarriage of justice, or any other grounds on which the Tenth Circuit may set aside her plea.  *See Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Given the Tenth Circuit's willingness to enforce waivers of appeal in plea agreements, *see e.g., United States v. Robinson*, 2006 WL 292391 (10th Cir. 2006), *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc), the court believes that even had defendant stated a valid basis for appeal, her appeal would be summarily dismissed on this procedural basis alone.

In short, no non-frivolous grounds for appeal appear on this record. *See generally Mclntosh*, 115 F.3d at 812; *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that 'good faith' in context of 28 U.S.C. § 1915(a)(3) must be judged by an objective standard and is demonstrated when a defendant seeks appellate review of any nonfrivolous issue).

**Defendant's motion for stay**

Defendant next seeks to remain free from imprisonment pending her appeal.  In support of this motion, defendant alleges that the Tenth Circuit could

4

order reconsideration of sentence, that she is not a flight risk or danger to society, that she has four dependent children, that her prison term could be completed by the time her appeal is decided, and that any delay in her repayment of money to defendant will work no harm.  In short, defendant claims the harm to her and her dependents from her incarceration outweighs the harm to defendant from staying her incarceration.

In support of her motion, defendant cites to Federal Rule of Appellate Procedure 8.  Subsection (c) of that rule exempts criminal cases, providing instead that Rule 38 of the Federal Rules of Criminal Procedure applies to stays in criminal cases.  Rule 38 references "release pending appeal," which is governed by 18 U.S.C. § 3143.

The court assumes that defendant intends to move for release pending appeal.  The relevant statute requires defendant to prove the following facts by clear and convincing evidence:

> (1) that she is not likely to flee or pose a danger to the community if released;
> (2) that the appeal is not for the purpose of delay; and
> (3) that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term less than the expected duration of the appeal process.

18 U.S.C. § 3143(b).

The court finds that defendant fails to meet the third requirement for the same reasons stated in the court's analysis of defendant's motion for IFP. The court additionally finds that defendant has done nothing to meet her burden to show that her appeal is not for the purpose of delay. The history of the proceedings to date, defendant's waiver of her right to appeal and defendant's failure to frame an issue on appeal supported by a reasoned, nonfrivolous argument on the law or facts in support thereof collectively give rise to a reasonable inference that the appeal was filed for the purpose of delaying her sentence. Accordingly, release pending appeal is not warranted.

### Government's motion for sanctions or to strike pleadings

The government has moved for sanctions based upon the defendant's current motions and defendant's notice of appeal. In support of that motion, the government states that defense counsel necessarily engaged in one of three actions: 1) failed to read the plea agreement; 2) read the plea agreement but failed to recall it; or 3) read the plea agreement but intentionally ignored it so she could file a notice of appeal as a condition precedent to filing the motion for stay, for the purpose of delaying defendant's incarceration.

The government contends that the current motions and the notice of appeal are a frivolous and repetitive attempt to litigate issues lost before this court,

exceed the bounds of good faith, constitute vexatious and harassing litigation, and evidence an abuse of process. The government contends that the court has both statutory and inherent power to sanction defendant. *See* 28 U.S.C.§ 1927. The government concludes by asking that at a minimum, the court strike defendant's current motions and her notice of appeal.

The court believes that imposing sanctions and striking defendant's current motions is not warranted at this time, and finds that striking her notice of appeal would be improper. *See Arthur Anderson & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976) (finding even in those unusual circumstances in which a district court retains jurisdiction, only the appellate court possess the power to strike a notice of appeal). Accordingly, the government's motion shall be denied.

IT IS THEREFORE ORDERED that defendant's motion to proceed on appeal in forma pauperis (Dk. 110) is denied, and that defendant's motion for stay of sentencing order pending appeal (Dk. 111) is denied.

IT IS FURTHER ORDERED that the government's motion for sanctions or to strike pleadings (Dk. 114) is denied.

Dated this 9th day of March, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

7