IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                          No.  03-40054-02-SAC

CYNTHIA MAZE MOTEN,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to extend the date on which she is to report to the Bureau of Prisons and for release on conditions pending appeal. (Dk. 126). The defendant argues her release is warranted under 18 U.S.C. §§ 3143(b) and 3142(c). Because the defendant's reporting time is noon on May 15, 2006, the court will not await a written response from the government. The defendant does indicate the government opposes the defendant's motion.

Pursuant to § 3143(b)(1), a defendant requesting release pending appeal must be detained unless the court finds that (1) the defendant has established by clear and convincing evidence that if released she is not likely to flee or pose a danger to the safety of any other person or to the community, and (2) the

defendant has established by a preponderance of the evidence that her appeal is not for delay purposes but actually raises a substantial question of law or fact which if determined favorably on appeal would likely result in reversal, an order for a new trial, a sentence with no term of imprisonment, or a reduced sentence. *See United States v. Affleck*, 765 F.2d 944, 952-53 (10th Cir. 1985). Furthermore, a defendant's detention is not mandatory if she both meets the conditions of § 3143(b)(1) and clearly shows exceptional reasons why detention is inappropriate. *See* 18 U.S.C. § 3145(c).

A substantial question is more than non-frivolous; it is a close question that is either fairly debatable or fairly doubtful. *Id*. In other words, it is a question "'that very well could be decided the other way.'" *Affleck*, 765 F.2d at 952 (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). As used in § 3143(b)(1)(B), "'substantial' defines the level of merit required in the question presented and 'likely to result in reversal or an order for a new trial' defines the type of question that must be presented." *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985).

The defendant's brief does not show any substantial questions to have been raised on appeal. First, the defendant does not show how she intends to prevail against her waiver of appeal rights in the plea agreement. Second, the court

considered the defendant's family circumstances as they were presented at the sentencing hearing, and there is nothing argued now to show that the court erroneously applied the Sentencing Guidelines in that regard or imposed an unreasonable sentence by its evaluation of the different factors under 18 U.S.C. § 3553(a).  Third, the defendant agreed in her plea agreement to the amount of loss which was used in calculating the Guideline range.  The defendant fails to show any error in the application of the Sentencing Guidelines to this agreed amount or any question of law implicated in the use of that agreed amount.  Fourth, in considering the Guideline sentencing range as a § 3553(a) factor, the court discounted its weight on a finding that the agreed amount of loss overstated the loss directly attributable to the defendant's criminal conduct.  Fifth, the defendant's attack on her prior counsel's performance is not an issue suitable for direct appeal.  *See United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005).  What the defendant presents as her arguments for appeal do not raise close questions that are fairly debatable, that very well could be decided in her favor, and that would likely result in a reduced sentence.  The court further declines to make a finding of exceptional reasons based upon the arguments found in the defendant's brief as to warrant her release pending appeal under § 3145(c).

        IT IS THEREFORE ORDERED that the defendant Moten's motion

to extend the date on which she is to report to the Bureau of Prisons and for release on conditions pending appeal (Dk. 126) is denied.

Dated this 2nd day of May, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge