IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                        Case No. 03-40054-02-SAC

CYNTHIA MAZE MOTEN,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on defendant's renewed motion to extend the date on which she is to report to the Bureau of Prisons and for release on conditions pending appeal. Dk. 130. Having been unsuccessful in similar prior motions, *see* Dks. 111, 126, defendant now makes yet another attempt to avoid her report date of May 15, 2006 to the United States Bureau of Prisons. Defendant's primary contention in the current motion is that she has recently filed a § 2255 petition alleging incompetency of counsel during sentencing.

The government opposes the motion, contending that: 1) the court lacks jurisdiction to entertain defendant's motion; 2) defendant's motion is a motion to reconsider, but fails to meet the standards for such motions; and 3) even

if defendant's motion is not construed as a motion to reconsider, defendant has failed to make the proper showing under 18 U.S.C. § 3143(b) for release pending appeal.

Contrary to defendant's assertions, the record does not reflect that any § 2255 petition has been filed. The court, having reviewed the motion and the response, finds that the motion should be denied because no § 2255 petition has been filed, as well as for the non-jurisdictional reasons set forth in the government's response and the reasons stated in the court's prior orders. *See* Dks. 119, 129, 131.

Additionally, even assuming that defendant had filed a § 2255 motion, that motion would provide no basis for relief. It is well established that a § 2255 motion should not be considered before the disposition of a direct criminal appeal. *See United States v. McCullah*, 136 Fed.Appx. 189, *191 (10th Cir. 2005); *United States v. Scott*, 124 F.3d 1328, 1330 (10th Cir.1997); *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir.1993) ("Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is pending."); *Compare United States v. Hurd*, 176 F.3d 490, 1999 WL 285921, at * 1-2 (10th Cir. May 7, 1999) (district court is without jurisdiction to hear Section 2255 motion while appeal

pending) *with* Advisory Committee Note to Rule 5 of the Rules Governing § 2255 Proceedings (no jurisdictional bar to Section 2255 motion pending appeal). The Court would therefore overrule defendant's Section 2255 motion as premature, noting that defendant could avoid prejudice by re-filing her § 2255 motion after her direct appeal is concluded. *See United States v. Bey*, 208 F.3d 227, 2000 WL 217059, at *2 (10th Cir. Feb.21, 2000) (Section 2255 motion not successive motion where it was first Section 2255 motion filed after conclusion of direct criminal appeal).

Defendant is directed to report on May 15, 2006 to the United States Bureau of Prisons as previously ordered.

The defendant is directed not to file any further motions regarding defendant's reporting date, absent leave of court.

IT IS THEREFORE ORDERED that defendant's renewed motion to extend report date and for release on conditions pending appeal (Dk. 130) is denied.

Dated this 11th day of May, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge