IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                               No. 03-40054-02-SAC
                                                No. 06-3140-SAC

CYNTHIA MAZE MOTEN,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, the government's responsive motion to dismiss defendant's § 2255 motion, and the government's motion for sanctions. The procedural history of this case has been summarized in or is apparent from the prior orders of this court, *see e.g.*, Dks. 81, 100, 106, 119, 129, and 135, and will not be repeated herein except as necessary.

The sole issue stated in defendant's § 2255 motion is ineffective assistance of counsel, a classic § 2255 claim. *See United States v. Hahn*, 359 F.3d 1315, 1327 n. 13 (10th Cir. 2004) (reaffirming the longstanding rule that ineffective assistance of counsel claims are best addressed in collateral proceedings.) This motion is ripe, the Tenth Circuit having recently dismissed

defendant's direct appeal, *see* Dk. 140. The court considers it to have been timely filed as an initial § 2255 motion.

The government first contends that defendant's § 2255 motion should be dismissed because defendant waived the right to make such a motion in her Plea Agreement. That waiver states as follows:

> <u>Waiver of Appeal and Collateral Attack</u>. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change her sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Dk. 43 at ¶ 10.

The controlling issue is whether the *Cockerham* exception to the waiver applies. This exception relates to ineffective assistance of counsel claims. The parties recognize that if an ineffective assistance of counsel claim challenges

the validity of the plea or the waiver, such a claim survives the waiver, but if an ineffective assistance of counsel claim challenges the sentence, such a claim is foreclosed by the waiver. *See Cockerham*, 237 F.3d at 1187.

In her § 2255 motion, defendant repeatedly states that her ineffective assistance of counsel claim relates to sentencing. This is apparent in her initial grounds raised, in her specific statement of ground one, and in the exhibits and issues she lists in support of her claim.

> **Grounds raised**: ...matters raised in [my] sec. 2255 Petition [are] ineffective assistance of Counsel and as it pertains to relevant conduct/attributable loss, and family circumstances departure, post-Booker.

Dk. 136, p. 3, para. 9(f). Each of these grounds, *i.e.,* monetary loss as relevant conduct, family ties and responsibilities, and *Booker,* relate to sentencing issues. *See* USSG §§ 1B1.3; 5H1.6; 5H1.7; *United States v. Booker*, 543 U.S. 220 (2005) (holding a court is barred from enhancing a sentence on the basis of facts not admitted or submitted to a jury for proof beyond a reasonable doubt). None of the grounds stated by defendant relates to the validity of defendant's plea or waiver.

When defendant specified the grounds in her § 2255 petition, she reaffirmed that it related to sentencing issues.

> **Ground one:** [I] bring my Section 2255 motion on my claim of ineffective assistance of counsel... The grounds(sic) for ineffective assistance of counsel is that predecessor counsel...did not properly bring to the Court's attention my relevant conduct and direct financial loss attributable to me for purposes of the Court sentencing me....

Dk. 136, p. 5-a. Defendant additionally alleges that the "pre-sentence investigator and the Court should have been aware at Sentencing" that the government failed to disclose the results of the handwriting exemplars taken from her on April 30, 2004, which would have shown whether she made false statements on documents submitted to the government. Dk. 136, p. 5-a. No other grounds are stated in support of defendant's § 2255 petition.

Defendant then listed exhibits and issues in support of her claim. As in her general statement of grounds and her itemization of those grounds, all of her listed exhibits relate exclusively to sentencing. *See Id.* (counsel's note of the amount of loss issue which defendant wanted raised at sentencing; counsel's knowledge of relevant conduct consisting of a statement made by co-defendant; pre-sentencing issue regarding government's alleged failure to provide exculpatory handwriting analysis.)

Defendant's direct appeal[1] echoed these complaints, in stating:

> Defendant brings her appeal on the grounds of ineffective assistance of Counsel in not properly presenting sentencing information to the Court on financial loss and her actual relevant conduct, failure of the Government to disclose exculpatory evidence favorable to the appellate issues here raised, and remand for hearing, and resentencing.

Dk. 136, Attachment A.

---

[1] The court recognizes that issues on direct appeal are not necessarily the same as those raised in a § 2255 motion.

Defendant's § 2255 motion does not expressly or impliedly contain a reference to the validity of defendant's plea or her waiver of her right to bring this § 2255 motion. Because defendant's motion cannot reasonably be construed as raising any issue regarding the validity of defendant's plea or her waiver, her motion does not fall within the *Cockerham* exception. No other exceptions to the waiver are applicable, as the court did not depart upwards from the applicable sentencing guideline range, and the United States did not exercise its right to appeal the sentence imposed. Accordingly, defendant falls within the general rule which she agreed to, *i.e.*, that "defendant waives the right to appeal the sentence imposed." Dk. 43 at ¶ 10. Defendant's § 2255 petition must therefore be dismissed.

The court notes that had it reached the substance of defendant's claim, it would have denied relief. "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Williamson v. Ward*, 110 F.3d 1508, 1513-14 (10th Cir. 1997) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986)). As laid out in *Strickland v. Washington*, 466 U.S. 668 (1984), it is the defendant's burden to show that (1) counsel's performance was deficient, that is, "counsel's representation fell below an objective standard of reasonableness," *id.* at 687-88, and that (2) counsel's deficient

performance prejudiced the defense, that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.  Because the defendant must demonstrate both unreasonable representation and actual prejudice to establish his claim, 466 U.S. at 692, a failure to prove either one is dispositive of the § 2255 motion. *Smith v. Robbins*, 528 U.S. 259, 286 n. 14 (2000) ("The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.' ") (quoting *Strickland*, 466 U.S. at 697).

In evaluating claims of this nature, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland*, 466 U.S. at 689.

To show prejudice, the defendant must establish that, but for counsel's unprofessional errors, there was a reasonable probability that the outcome of his conviction and/or sentencing would have been different. *Id.* at 1245; *see Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  Here, defendant has failed to show a reasonable probability that the outcome of her sentencing would have been

different absent the alleged failings stated in her § 2255 petition. The court took into account the amount of loss and sentenced defendant to 24 months' imprisonment, below the guidelines' range of 37-46 months, because it determined that the amount of loss reflected in the plea agreement ($2.3 million) overstated the amount of loss attributable to the defendant.

The government's alleged failure to provide exculpatory handwriting analysis is immaterial in light of defendant's admission that she did create certain documents after the fact which were supposed to be generated at the time the service was rendered, providing factual basis for the obstruction conviction. Further, in light of the fact that defendant's plea was only two weeks after her handwriting exemplars were allegedly taken, *see* Dk. 43, no inference arises that any handwriting analysis was actually completed.

Counsel's failure to note a statement made by co-defendant in counsel's presence that defendant "had nothing to do with the doctoring of documents," Dk. 136, p. 5-a, is immaterial in light of defendant's admission that she did create certain documents after the fact which were supposed to be generated at the time the service was rendered, providing the factual basis for her plea to the obstruction count.

The court grants no evidentiary hearing on defendant's motion, because the motion and the files and records of the case fully address the issues

raised in the defendant's motion and conclusively show that she is not entitled to the relief. *See* 28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir.1988).

**Motion for sanctions**

The government has moved for sanctions against both defendant and her attorney for filing "another frivolous motion." Dk. 138, p. 3. The government invokes the court's inherent power to sanction, as well as its power pursuant to 28 U.S.C. § 1927 (permitting sanctions against an attorney who multiplies the proceedings unreasonably and vexatiously). The government contends that sanctions are warranted because defendant's § 2255 motion was filed in direct contradiction of her express waiver of rights in her plea agreement, and that her § 2255 motion and prior motions constitute repetitive attempts to litigate issues previously lost. This motion is denied.

IT IS THEREFORE ORDERED that the defendant's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Dk. 136) is denied.

IT IS FURTHER ORDERED that the government's motion to dismiss and for sanctions (Dk. 138) is granted in part and is denied in part.

Dated this 30th day of August, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge