IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

          Plaintiff,

Vs.                        Case No. 03-40054-02-SAC

CYNTHIA MAZE MOTEN,

          Defendant.


MEMORANDUM AND ORDER

This case comes before the court on defendant's motion relating to the terms of her sentence. Defendant asks the court to "modify her term of imprisonment by providing for a six-month placement in a residential re-entry center (RRC), or in the alternative, home confinement" from and after August 9, 2007, at requested locations. Defendant brings her motion "pursuant to 18 U.S.C. § 3621, 3624, and 3582 (c)." Dk. 147. The government opposes the motion, claiming that there is no authority to support defendant's request.

A threshold consideration is whether or not this court has jurisdiction. Sections 3621 and 3624, cited by defendant as authority for this action, are substantive provisions which, respectively, govern the

imprisonment and release of prisoners. They do not provide any authority for this court to review placement of transfer decisions made by the BOP.

Similarly, § 3582 provides no basis for relief under the present facts. That statute states the general rule that "the court may not modify a term of imprisonment once it has been imposed." 3582(c). Exceptions are listed which permit the court to modify a term of imprisonment under narrow circumstances which are not alleged to be present, and which are not present, here.

The Administrative Procedure Act provides for judicial review of certain agency action, however, defendant has not brought this motion pursuant to that Act. Additionally, that Act is expressly made inapplicable by 18 U.S.C. § 3625 to the Bureau of Prisons' (BOP) decisions regarding designations or transfers under § 3621(b).[1] Because the Administrative Procedures Act (APA) does not apply to individual BOP decisions under § 3621(e)(2)(B), federal courts are without authority to review the merits of individual inmate challenges to BOP early release decisions. *Fristoe v. Thompson,* 144 F.3d 627, 630-31(10th Cir. 1988). *See Rodriguez v.*

---

[1] 18 U.S.C. § 3625 states: "The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."

*Herrera*, 72 F. Supp.2d 1229, 1231 (D. Colo.1999); *Whipple v. Herrera*, 69 F. Supp. 2d 1310, 1315 (D. Colo.1999).

This court is not divested of jurisdiction, however, to interpret the relevant statute to determine whether the BOP exceeded its statutory authority or violated the Constitution.  See  *Fristoe ,*144 F.3d at 630-31; *Crawford v. Booker,* 156 F.3d 1243, 1998 WL 567963, *1, FN3 (10th Cir. 1998) (unpublished).  Defendant makes no claim that the BOP violated the Constitution or exceeded its statutory authority in this case, and indeed, no such violation appears from the record.  Defendant's challenge is instead to the substantive decision not to place her in a residential re-entry center or home confinement - a decision this court lacks jurisdiction to consider.[2]

Defendant asserts, without explanation, that "the authority of

---

[2]The court notes that no claims has been brought pursuant to 28 U.S.C. § 2241.Had defendant invoked  § 2241, this court would nonetheless lack jurisdiction. A petition under 28 U.S.C. § 2241 must be filed in the district where the prisoner is confined. *United States v. Scott,* 803 F.2d 1095, 1096 (10th Cir.1986). Defendant is currently in custody in Illinois. Additionally, it is generally required that a federal prisoner exhaust his available administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. See *Williams v. O'Brien,* 792 F.2d 986, 987 (10th Cir.1986); *Mihailovich v. Berkebile*  2007 WL 942091, *6 (N.D.Tex.2007) (Pursuant to BOP policy, see 28 C.F.R. §§ 542.10 et seq., a federal inmate must proceed through four levels of administrative review in order to have exhausted administrative remedies). The exhibits attached to defendant's motion show that defendant has initiated but not exhausted her administrative remedies.

*United States v. Booker*, 125 S. Ct. 738, 767 (2005), permits the Court to inquire on the instant Motion, and to make recommendations" to the BOP. Dk. 127, p. 2.  The court finds in *Booker* no basis for its jurisdiction to take the actions requested by defendant.

Had jurisdiction been shown, the court would have denied defendant's motion on its merits. Defendant relies upon *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007).  There, the Tenth Circuit held that BOP 2005 regulations were invalid which prohibited the BOP from transferring prisoners to a Community Correctional Center (CCC, now called RRC) prior to the last ten percent of the prisoner's sentence.  The Tenth Circuit held that BOP must consider placing prisoners in a CCC without regard to those regulations, and must instead individually consider five factors relating to designations for places of imprisonment or making transfers, established by statute.18 U.S.C. § 3621(b).

The letter attached to defendant's motion shows that the Warden, in considering defendant's request to serve the remainder of her sentence in a halfway house near Kansas City, Kansas, considered " a number of factors" in determining the length of RRC placement for the defendant, "including [her] individual needs and existing community

resources," and her history and characteristics.[3] The letter is sufficient to show the court that the discretionary decision was made by examination of the relevant statutory factors, rather than by merely relying upon the 10% rule invalidated in *Wedelstedt v. Wiley.*

Defendant's request for home confinement would similarly fail. Because home confinement falls outside the boundaries of a "penal or correctional facility", § 3621(b) provides no statutory authority for the BOP to designate home confinement as a place of imprisonment. *Mihailovich v. Berkebile,* 2007 WL 942091, *10 (N.D. Tex. 2007)

IT IS THEREFORE ORDERED that defendant's motion and request (Dk. 147) are denied for lack of jurisdiction.

Dated this 26th day of July, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[3] See Dk.147, Exh. C, stating in part, "Based on the fact that Ms. Moten has a suitable residence and , as stated, 'very strong opportunity to be employed as a teacher assistant for troubled youth,' I do not believe that additional RRC placement is appropriate."